**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOHN BRILEY,                    :
                                       Civil Action No. 10-6736 (RBK)
        Petitioner,    :

        v.             :    **OPINION**

DEPARTMENT OF JUSTICE, et al.,:

        Respondents.   :

**APPEARANCES:**

Petitioner <u>pro se</u>
John Briley
F.C.I. Fairton
P.O. Box 420
Fairton, NJ  08320


**KUBLER**, District Judge

    Petitioner John Briley, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and an application for leave to proceed <u>in forma</u>

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

pauperis. The respondents are the Department of Justice and the Bureau of Prisons.[2]

Based on Petitioner's affidavit of indigence, this Court will grant Petitioner leave to proceed in forma pauperis. Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed. See 28 U.S.C. § 2243.

## I. BACKGROUND

Petitioner asserts that he is confined pursuant to a judgment entered April 8, 2010, revoking his supervised release and sentencing him to a term of imprisonment of one year and one day. See United States v. Briley, Criminal No. 08-0395 (E.D. Ark.). His anticipated release date is February 11, 2011.

Here, Petitioner contends that, because of his short term of imprisonment, he has been wrongfully denied participation in various prison programs, including college courses, vocational education programs, the Edward Byrne Justice Assistant Grant Program, the Federal Prisoner Re-entry Program, 42 U.S.C. § 17541, and the Bureau of Prisons Federal Prisoner Discharge Gratuity of $500.

---

[2] These entities are not proper respondents in this Petition. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 434-436 (2004); 28 U.S.C. § 2242. However, because of the disposition of this matter, the Court need not address this issue further.

Plaintiff seeks an order from this Court compelling the Bureau of Prisons to provide Petitioner with access to these various prison programs, prior to and following his release.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

This Petition must be dismissed for lack of jurisdiction.

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action.  See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.  See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); Macia v. Williamson, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady

4

v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237.  To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action.  See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002).  See also Ganim v. Federal Bureau of Prisons, 235 Fed.Appx. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); Castillo v. FBOP FCI Fort Dix, 221 Fed.Appx. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenges to his eligibility for certain programs are the types of challenge to conditions of confinement that must be brought by way of a civil rights action or action for declaratory and injunctive relief.

Because Petitioner has not prepaid the $350.00 filing fee for a civil action, and his application for leave to proceed in forma pauperis is deficient,[3] and because of the consequences that flow from a grant of leave to proceed in forma pauperis in a civil rights action, or from any potential dismissal of a civil rights complaint, this Court will not construe this matter as a civil rights complaint.  See 28 U.S.C. § 1915(b) (requiring incremental payment of filing fee by prisoner granted leave to proceed in forma pauperis); 28 U.S.C. § 1915(g) (the "three-strikes rule") ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

Instead, this Petition will be dismissed without prejudice. Petitioner may file a separate civil complaint if he wishes to pursue these claims.  This Court expresses no opinion as to the merits of Petitioner's claims.

---

[3] Plaintiff has not provided the required certification as to his institutional account balances.  See Local Civil Rule 81.2(b) (habeas cases); 28 U.S.C. § 1915(a)(1), (2) (civil actions).

IV.  CONCLUSION

    For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

                                            s/Robert B. Kugler
                                            Robert B. Kugler
                                            United States District Judge

Dated: January 21, 2011